UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


GLENN R. DEAN                                               MOVANT/DEFENDANT


v.                                                    CRIM. ACTION NO. 3:08-CR-19-CRS
                                                      CIV.  ACTION NO. 3:16-cv-00403-CRS


UNITED STATES OF AMERICA                                   RESPONDENT/PLAINTIFF


**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

**FINDINGS OF FACT**


        Glenn Dean is a federal prisoner.  On August 19, 2008, Dean entered a plea of guilty

pursuant to a Rule 11(c)(1)(B) plea agreement[1] to count 1 of an indictment that charged him with

the offense of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922

(g)(1) and 924(e).[2] The indictment identified two prior felony convictions:  (1) a 1998 conviction

in the Jefferson Circuit Court of Jefferson County, Kentucky, for first-degree robbery (7 counts)

in Case No. 97-CR-1996; and (2) a 2005 conviction in the same circuit court for first-degree

trafficking in a controlled substance in Case No 05-CR-0468.[3]

        Dean acknowledged in paragraph 4 of his plea agreement that should the District Court

find him subject to the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. §

924(e), along with U.S.S.G. § 4B1.4, he faced the possibility at sentencing of a potential range of

---

[1] (DN 44, Plea Agreement).
[2] (DN 12, Indictment).
[3] (Id.)

1

imprisonment from a minimum of 15 years to a potential maximum of life imprisonment.[4] He also acknowledged in the same paragraph that he understood that if the provisions of the ACCA did not apply, then his guilty plea to count 1 would not result in a mandatory minimum term of imprisonment and only a potential maximum of 10 years imprisonment.

The parties in paragraph 11 of the plea agreement concluded that the Applicable Offense Level would be determined pursuant to the presentence report prepared by the United States Probation Office and that the Criminal History of the defendant would be determined upon completion of the presentence investigation.[5] Dean also acknowledged that the District Court would independently calculate the Guidelines and the Criminal History of the defendant.[6]

At the change of plea hearing on August 19, 2008, the United States explained that count 1 charged Dean under the ACCA, 18 USC 924(e), which provides a mandatory minimum term of imprisonment of 15 years to a maximum of life.[7] The government then acknowledged that a continuing dispute existed between the parties as to whether the Act applied to Dean.[8] This dispute centered on the factual circumstances of first-degree robbery conviction in Case No. 97-CR-1996 with the issue being whether two separate offenses occurred for the purposes of the Act.[9] The District Court carefully summarized for Dean the sentencing implications to include the 15-year mandatory minimum sentence if it determined that the provisions of ACCA applied.[10] Dean acknowledged that he was aware that "there's quite a bit riding on this issue."[11]

---

[4] (DN 44, Plea Agreement p. 2, ¶ 4).
[5] (Id. at p. 6, ¶ 11).
[6] (Id).
[7] (DN 55, Change of Plea Hearing Transcript, p. 8).
[8] (Id.).
[9] (Id. at p. 9, 12, 15, 17).
[10] (Id. at p. 11).
[11] (Id. at p. 12).

After further colloquy, the District Court determined that a factual basis existed for the plea and found Dean's guilty plea to be knowing and voluntary.[12]

Three months later on November 12, 2008, the District Court conducted a sentencing hearing.[13] Dean agreed at the outset of the hearing that there were no errors or mistakes in the presentence report that he desired to bring to the attention of the court.[14] The presentence report established a Criminal History Category of VI with an Adjusted Offense Level of 34 resulting in an advisory sentencing guidelines range of 168 to 210 months potentially subject, if applicable, to a mandatory minimum of 180-months under the ACCA.  Based on the nature and circumstances of Dean's prior Kentucky felony convictions, set forth in paragraphs 28 and 30 of the presentence report, the United States argued that Dean fully qualified for the enhanced 15-year mandatory minimum under the Act.  Dean's attorney argued in response that Dean, who was called to testify at the hearing, did not form the requisite intent to commit the second of the two charged robberies in Case No. 97-CR-1996, but rather was duped, then coerced, into participation.[15]

Following rebuttal argument by the government, the District Court concluded that it was "abundantly clear that these are separate [robbery] offenses."[16] The District Court also determined that Dean's testimony did not establish that he lacked the necessary intent to commit the second robbery, but rather that he did not "plan" to do so, which was not a required element of the crime of robbery, an offense that may be committed spontaneously .[17] Accordingly, the District Court overruled Dean's objection and held that he qualified for sentencing enhancement

---

[12] (Id. at pp. 23-24).
[13] (DN 56, Sentencing Hearing Transcript).
[14] (Id at p. 3).
[15] (Id. at p. 7-32, 33-39)
[16] (Id. at p.  41-42).
[17] (Id. at pp. 42-45).

under the ACCA.[18] It nonetheless imposed the mandatory minimum 180-month sentence, which it ordered to be served concurrently with the current state sentences Dean was then serving in cases 97-CR-1956, 05-CR-1655, and 0-5CR-468, despite the recommendation of the Sentencing Guidelines that his new federal conviction be served consecutively to the sentences imposed for existing state convictions.  A Judgment to that effect was entered the same date as the sentencing hearing.[19]

Dean took a direct appeal to the Sixth Circuit.[20] On appeal, he argued that the District Court erred in finding that the two robberies he committed on June 12, 1997 were separate predicate offenses for the purposes of the ACCA.[21] The Sixth Circuit panel concluded in an opinion entered on August 23, 2010, that because both robberies were committed at different times and places, and against different victims, it was bound by its opinion in *United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993)(*en banc*) to uphold the sentencing decision of the District Court.  Dean did not file a petition for a writ of certiorari.

Instead, nearly six years later on June 27, 2016, Dean filed his present motion to vacate, set aside are correct his sentence pursuant to 28 U.S.C. § 2255.[22] Dean in his memorandum explains that his § 2255 motion is filed in light of the recent U.S. Supreme Court decision of *Johnson v. United States,* ___ U.S. ___,135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), which was made retroactive on collateral review *by Welch v. United States,* ___ U.S.___, 136 S. Ct. 1257, 194 L.Ed2d 387 (2016).  His position in this regard appears to be that, due to *Johnson,* his sentence enhancement under the ACCA is somehow rendered unlawful, presumably because one or both of the predicate Kentucky offenses, first-degree robbery and first-degree trafficking in a

---

[18] (Id. at p.  45).
[19] (Id at p.  47-48)(DN 46, Judgment).
[20] (DN 47, Notice of Appeal).
[21] (DN 60, *United States vs. Dean*, Appeal No 08-6464 at p. 1(6th Cir. Aug. 23, 2010).
[22] (DN 66, Motion to Vacate; DN 70, Memo. of Law).

controlled substance, allegedly fall within the "residual clause" language of 18 U.S.C. § 924 (e)(2)(B)(ii) held to be void for vagueness by *Johnson*.

The United States has filed a response in which it explains that neither of Dean's earlier state court convictions fits within the "residual clause" of § 924(e)(2)(B)(ii).[23] His 1998 convictions for seven counts of first-degree robbery in Case No 97-CR-1956 all fall within the "force clause" of the ACCA, 18 USC § 924(e)(2)(B)(i), according to the government, because the applicable first-degree robbery statute, KRS 515.020[24] has as an element of the offense the use, threatened use or attempted use of physical force against another person.  Likewise, the United States contends that Dean's prior 2005 first-degree drug trafficking conviction in Case No 05-CR-0468, a Class C felony conviction punishable by up to 10-years imprisonment, has been repeatedly held by the federal courts in this Circuit to satisfy the statutory definition of a "serious drug offense" under § 924(e)(2)(A)(ii) of the ACCA and therefore is entirely unaffected by the holding of *Johnson*.

Because we agree on both of these propositions, the Court shall recommend that Dean's motion to vacate, set aside are correct to be dismissed and that he be denied a certificate of appealability as reasonable jurists could not conclude that he has made a substantial showing of the denial of a constitutional right.

---

[23] (DN 73, Response).

[24] KRS 515.020 , Kentucky's first-degree robbery statute provides:

(1)  A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

(a)  Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

## CONCLUSIONS OF LAW

## I.

### Standard for Post-conviction Relief

A motion to vacate brought by a federal prisoner pursuant to 28 U.S.C. §2255 must set forth one or more of three possible grounds for relief. *See United States v. Doyle*, 631 F.3d 815, 817-18 (6th Cir. 2011); *Calloway v United States*, 3:13CV-75-CRS/3:07CR-25-CRS, 2016 WL 3094028 at *4 (W.D. Ky. June 1, 2016)(same). The motion may allege an error of constitutional magnitude, allege that the defendant's sentence fell outside the statutory limits, or maintain that a fundamental error of fact or law occurred that rendered the entire criminal proceedings invalid. *Id.*(citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). *See also, United States v. Addonizio*, 442 U.S. 178, 185-86 (1979). "A § 2255 motion may not be used to re-litigate an issue raised on appeal absent highly exceptional circumstances." *Dupont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996). Additionally, an issue which has been defaulted at trial or on direct appeal may not be litigated in a § 2255 collateral attack unless the defendant shows cause and actual prejudice. *Murr v. United States*, 200 F.3d 896, 900 (6th Cir. 2000), citing *United States v. Frady*, 456 U.S. 152, 164-65 (1982). Actual prejudice can be shown by establishing a reasonable probability of a different outcome on appeal had the issue been raised. *United States v. Fields*, No. 3:14CV-616-JGH, 2015 WL 1259050 (W.D. Ky. March 18, 2015).

## II

### The *Johnson* Decision

In *Johnson v. United States*, ___ U.S.___, 135 S. Ct. 2551, 192 L.Ed.2d (June 26, 2015), the U.S. Supreme Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was void for

vagueness and thus a violation of the Fifth Amendment prohibition against the deprivation of

life, liberty or property without due process of law.  In *Johnson*, the critical statutory language at

issue defined a "violent felony" to be:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
> "(i) has as an element the use, attempted use, or threatened use of physical force
> against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise**
> **involves conduct that presents a serious potential risk of physical injury to**
> **another."** § 924(e)(2)(B)

*Johnson*, 135 S.Ct. at 2555-56(emphasis added).

It was this final highlighted language, and only this language, that the U.S. Supreme

Court held in *Johnson* to be so vague as to fail to give ordinary people fair notice of the conduct

that it punishes thereby inviting arbitrary enforcement in violation of "the first essential of due

process."  *Id.* at 2557 (citing *Connally vs. General Constr. Co*., 269 US 385, 391 (1926)).  Two

features of the key language, according to the Court, rendered it unconstitutionally vague: first,

the language raised "grave uncertainty how to estimate the risk posed by crime;" and second, the

clause left equal uncertainty "about how much risk it takes for a crime to qualify as a violent

felony."  *Id.* at 2558. Neither of Dean's predicate state convictions, however, remotely involves

the residual clause of 924(e)(2)(B)(ii) or *Johnson*.

The offense of first-degree robbery under KRS 515.020 has as an element physical force

or the threatened use of physical force on the person of another in the course of committing a

theft.  *See* KRS 515.020(1).  This statutory language clearly places first-degree robbery within

the force clause of the ACCA, 18 USC § 924(e)(2)(B)(i), as the Sixth Circuit has held in *United*

*States vs. Elliott*, 757 F3d 492, 496 (6th Cir.), *cert. denied,* 135 S. Ct. 304 (2014) ("[T]he force

clause of the ACCA requires only that force or the threatened use of force be an element of the

offense."). *See also, United States v. Page*, ___ Fed. App'x ___, 2016 WL 5289302 at *3 (6th Cir. Sept. 26, 2016)(noting that the completed offense of robbery, first degree, in Kentucky involves a theft committed through the use or threatened immediate use of physical force upon another person and that *Johnson* left the use of force prong of the ACCA intact); *Smith v United States*, Nos. 2:03-CR-73-JRG-2, 2:16-CV-139-JRG, 2016 WL 7365634 at *5 (E.D. Tenn. Dec. 16, 2016)("All federal courts of appeals which have considered robbery offenses that, like North Carolina robbery, require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-physical-force clause."). Dean's prior 1998 Kentucky convictions for first-degree robbery accordingly easily met the statutory definition of a violent felony under 18 U.S.C. § 924(e)(2)(B)(i) for sentence enhancement purposes.

The same ultimate conclusion applies to Dean's other predicate Kentucky prior conviction, the 2005 first-degree trafficking in a controlled substance conviction—*Johnson* and the residual clause of § 924(e)(2)(B)(ii) do not apply. This issue was put to rest in *United States v. Martin*, 526 F.3d 926, 940-41(6th Cir. 2008), *cert denied*, 555 U.S. 928 (2008). In *Martin*, the defendant argued that the district court erred in finding that his prior Kentucky convictions for first-degree trafficking in a controlled substance qualified as "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A) because, as Class C felonies under KRS 532.060, they carried a sentence of not less than 5-years nor more than 10-years, whereas a "serious drug offense" as defined under the above federal statute, required a maximum term of imprisonment of ten years or more to qualify for ACCA enhancement purposes. The Sixth Circuit rejected this claim outright explaining that:

Case law and logic do not support Martin's argument. Martin admits that he has four Kentucky state convictions of Class C felonies for trafficking drugs. As indicated, under current Kentucky law, Class C felonies carry a maximum sentence of "not less than five (5) years nor more than ten (10) years." Ky.Rev.Stat. Ann. § 532.060.8

Notwithstanding Defendant's protestations, Kentucky courts consider a Class C felony serious enough to impose sentences of ten years and have consistently done so. *See Johnson v. Commonwealth*, 105 S.W.3d 430 (Ky.2003) (defendant convicted of class C felony and sentenced to "the maximum of ten years imprisonment.").9 Moreover, albeit in an unpublished opinion, *941 this Court has already found that, under Kentucky law, "[a] Class C felony is punishable by five to ten years' imprisonment" and qualifies as a "serious drug offense" under the ACCA. *United States v. Tolley*, 173 F.3d 431, 1999 WL 137620 at * 10 (6th Cir.) (unpublished), *cert. denied*, 528 U.S. 898, 120 S.Ct. 231, 145 L.Ed.2d 194 (1999).

The foregoing makes clear, therefore, that Martin's Class C felonies were separate and distinct "offense[s] under state law, involving ... distributing ... a controlled substance for which the maximum term of imprisonment of ten years or more is prescribed by law" that supported his qualification for sentencing as an armed career criminal. See 18 U.S.C. § 924(e)(2)(A)(ii).

*Id.*

More recently the District Court for the Eastern District of Kentucky in *United States v. Jackson*, No. CR 5:07-004-KKC, 2016 WL 3648283 at *2 (E.D. Ky. July 1, 2016) rejected the same ACCA enhancement challenge rejected in *Martin*, holding that:

Likewise, Defendant's claim that he did not have sufficient predicate offenses under the ACCA is patently false. The ACCA requires either violent felonies or drug offenses, not both, to qualify for an enhanced sentence. 18 U.S.C. § 924(e)(1). Defendant clearly qualified for an enhanced sentence because he has three prior convictions for "serious" drug offenses. [DE 11.] Defendant's convictions for three counts of drug trafficking, all class C felonies, are serious drug offenses because under Kentucky law each offense carries a "maximum term of imprisonment of ten years or more." Ky. Rev. Stat. § 532.020(1)(b); 18 U.S.C. § 924(e)(2)(A)(ii). Defendant's three prior convictions undoubtedly qualify Defendant for a sentence enhancement under § 924(e)(1).

*United States v. Jackson*, No. 2016 WL 3648283, at *2. *See also, Mauldin v. Tennessee*, No. 1:16-CV-00074, 2016 WL 5920148, at *4 (M.D. Tenn. Oct. 11, 2016)("First, to the

extent Petitioner claims that *Johnson* provides him with an opportunity to challenge the enhancement of his federal sentence, *Johnson* does not even apply to his case because it did not involve the portion of the ACCA pertaining to enhancement for prior drug offenses."); *Tucker v. Snyder-Norris,* Civil No. 0:15-53-HRW, 2015 WL 5826825 at *4 (E.D. Ky. Oct. 1, 2015)(explaining that *Johnson* has no bearing on the portion of the ACCA used to enhance a defendant's sentence for a serious drug offense). Because *Johnson* clearly does not apply to Dean's case in any respect, the only remaining concern is whether he should be granted leave to appeal.

### III.

### Certificate of Appealability

The final question is whether Dean is entitled to a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c).  A state or federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or a motion to vacate must satisfy the COA requirements of 28 U.S.C. § 2253(c).  A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

Such a substantial showing is made when a prisoner establishes that jurists of reason would find it debatable whether the petition or motion states a valid claim of the denial of a constitutional right or, in the cases in which the petition is resolved based upon a procedural ruling, that jurists could find it debatable whether the district court was correct in its procedural ruling.  *See Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).  The Court is required to make an individual assessment of the issues and to indicate which specific issue or issues satisfy the standard of § 2253(c).  *See Stanford v. Parker*, 266 F.3d 442, 450-51 (6th Cir. 2001), *cert. denied*, 537 U.S. 831 (2002).  *See also Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (discussing

28 U.S.C. § 2253(c)).  A state prisoner may raise on appeal only those specific issues for which the district court grants a certificate of appealability.  *Powell v. Collins*, 332 F.3d 376, 398 (6th Cir. 2003).

Dean has not met the standard for issuance of a COA.  His arguments based on *Johnson* have been repeatedly rejected on their merits as the case law discussed above clearly demonstrates. Dean was not sentenced to 180-months of imprisonment based on the residual clause language of § 924(e)(2)(B)(ii) that was constitutionally called into question by *Johnson*. Given the recent decisions that rely on this very distinction to distinguish *Johnson* and dismiss highly similar § 2255 motions to vacate, jurists of reason simply could not debate that the present petition fails to state a valid claim as to all grounds raised.  Accordingly, the Court shall recommend that Dean be denied a certificate of appealability.

## RECOMMENDATION

The Magistrate Judge having made findings of fact and conclusions of law recommends that the motion to vacate filed by the Defendant be **DENIED** and further that he be denied a certificate of appealability as to all of the arguments raised in his motion to vacate.

## NOTICE

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived.  *Thomas v. Arn,* 474 U.S. 140, 150-51 (1985); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2); Fed. R. Civ. P. 72(b)

Copies to Counsel of Record