UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GLENN R. DEAN            MOVANT

v.            CRIMINAL ACTION NO. 3:08-CR-19-CRS
           CIVIL ACTION NO. 3:16-CV-00403-CRS

UNITED STATES OF AMERICA            RESPONDENT

**MEMORANDUM OPINION**

    I.    Introduction

Glenn R. Dean filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 66. He submitted a memorandum of law in support of this motion, ECF No. 70. Dean challenges his conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate 4, ECF No. 66. The United States responded, ECF No. 73. Dean did not reply.[1]

The magistrate judge made findings of fact, conclusions of law, and a recommendation. R. & R., ECF No. 74. Dean makes two objections to the magistrate judge's analysis: (1) he objects to the magistrate judge's finding of fact that he did not file a petition for writ of certiorari; and (2) he objects to the magistrate judge's conclusion of law that his predicate state convictions did not fall within the residual clause held to be unconstitutionally vague in *Johnson*. Obj. 2, 6, ECF No. 76.

---

[1] Dean moved for an extension of time to file a reply one day after Magistrate Judge Dave Whalin entered his Findings of Fact, Conclusions of Law and Recommendation. *See* R. & R., ECF No. 74; Mot. Extension, ECF No. 75. The magistrate judge denied Dean's motion for an extension as moot, ECF No. 78.

For the reasons below, the Court will sustain in part and overrule in part Dean's objections to the magistrate judge's findings of fact, conclusions of law, and recommendation. The Court will deny Dean's motion to vacate. The Court will deny Dean a certificate of appealability.

II. Magistrate Judge's Findings of Fact

On August 19, 2008, Dean entered into a plea agreement on Count 1 of an indictment that charged him with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). R. & R. 1, ECF No. 74. The indictment listed two prior felony convictions: (1) seven counts of first degree robbery in 1998, and (2) first degree trafficking in a controlled substance in 2005. *Id.* In the plea agreement, Dean acknowledged that "if the Court determine[d] at sentencing that [he was] subject to the provisions of the Armed Career Criminal Act [(ACCA)], 18 U.S.C. §924(e) . . . and [the U.S. Sentencing Guidelines ("the Guidelines")] § 4B1.4" then he faced a mandatory minimum term of imprisonment of 15 years and a potential maximum term of life imprisonment. *Id.* at 1–2. Conversely, he acknowledged that if the Court determined that he was not subject to the provisions of the ACCA, then he would face a term of imprisonment of up to 10 years. *Id.* at 2. The parties to the plea agreement also concluded that Dean's applicable offense level would be determined pursuant to a presentence report and that Dean's criminal history would be determined upon completion of the presentence investigation. *Id.* Additionally, Dean acknowledged that the Court would independently calculate the Guidelines and determine his criminal history. *Id.*

On the same day, during the change of plea hearing, the Court once again advised Dean of these minimum and maximum terms of imprisonment and reiterated that they depended on whether the ACCA applied. *Id.* Because there was a dispute about whether Dean's prior first

degree robbery conviction constituted two separate offenses for the purposes of the ACCA, Dean and the government disagreed as to whether the ACCA applied. *Id.* The Court entered Dean's guilty plea. *Id.* at 3.

On November 12, 2008, the Court conducted Dean's sentencing hearing, at which the parties set forth their arguments as to whether Dean's prior robbery conviction constituted two separate offenses. *Id.* Dean's attorney did not dispute that the circumstances underlying the robbery conviction constituted two separate, distinct episodes, but she argued that Dean did not have the requisite intent to commit the second offense. *Id.* The Court disagreed with Dean's argument and found that he had the requisite intent to commit the second robbery offense. *Id.* Moreover, the Court found that there were two separate robbery offenses. *Id.* Thus, the Court held that Dean qualified for the sentencing enhancement under the ACCA because the two robbery offenses and the drug trafficking offense constituted three predicate offenses. *Id.* at 3–4. The Court sentenced Dean to imprisonment for 180 months and ordered that that sentence would run concurrently with an existing Jefferson County, Kentucky Circuit Court sentence for which Dean was serving. *Id.* at 4.

Dean objects to only one of the magistrate judge's findings of fact. Obj. 2, ECF No. 76. The Court shall make a de novo determination of the proposed findings to which Dean objected. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Crim. P. 59(b)(3). According to the magistrate judge, Dean appealed to the Sixth Circuit but did not file a petition for a writ of certiorari to the Supreme Court of the United States. R. & R. 4, ECF No. 74. But according to a letter from the Supreme Court of the United States to the Sixth Circuit Court of Appeals, Dean filed a petition for a writ of certiorari on November 22, 2010. 11/30/2010 Letter, ECF No. 62. The petition was denied on January 10, 2011. 1/10/2011 Letter, ECF No. 63. Therefore, the Court will sustain

Dean's objection to the magistrate judge's factual finding that he did not file a petition for a writ of certiorari.

The Court construes Dean's other objection as an objection to the magistrate judge's conclusions of law. The Court accepts and adopts the magistrate judge's remaining factual findings to which Dean did not object. *See* 28 U.S.C. § 636(b)(1)(B).

### III. Magistrate Judge's Conclusions of Law and Recommendation

A person's sentence will be enhanced to a minimum of 15 years imprisonment under the ACCA if the person "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A serious drug offense is one under either federal or state law for which there is a maximum term of imprisonment of at least 10 years. *Id.* § 924(e)(2)(A). A violent felony is

> any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 924(e)(2)(B) (emphasis added). The italicized language above, known as the residual clause, was held to be unconstitutionally vague in *Johnson*. 135 S. Ct. at 2557.

In his motion to vacate, Dean argues that his prior convictions are no longer qualifying predicates for sentence enhancement in light of *Johnson*. Mot. Vacate 4, ECF No. 66. The magistrate judge concluded that *Johnson* does not apply to Dean's sentence because his prior convictions did not fall within the residual clause. R. & R. 7, ECF No. 74. Dean objects to the magistrate judge's conclusion of law that his predicate state convictions for first degree robbery and first degree trafficking did not fall within the residual clause held to be unconstitutionally vague in *Johnson*. Obj. 6, ECF No. 76. Rather, he argues that at the time of his indictment, plea

4

agreement, conviction, and sentencing, both his prior robbery and drug trafficking convictions could only have been considered predicate state convictions under the residual clause of the ACCA. *Id.* at 5. He asserts that the grand jury must have indicted him under the residual clause because the law at the time of the indictment was unsettled as to whether his predicate offenses fell within the other sections of the ACCA. *Id.* at 3.

First, Dean argues that his drug trafficking conviction could not have fallen under the "serious drug offense" section of the ACCA because the Sixth Circuit did not determine that first degree drug trafficking in Kentucky fell under this section of the ACCA until *United States v. Martin*, 526 F.3d 926, 940–41 (6th Cir. 2008). Obj. 3, ECF No. 76. Dean is incorrect. Kentucky law defines first degree drug trafficking as a Class C felony for the first offense. Ky. Rev. Stat. Ann. § 218A.1412(3)(a). Class C felonies carry a sentence of "not less than five (5) years nor more than ten (10) years." Ky. Rev. Stat. Ann. § 532.060(2)(c). Thus, according to the plain language of the ACCA, Dean's first degree drug trafficking conviction falls within the definition of a "serious drug offense" because there is a maximum term of imprisonment of at least 10 years. *See* 18 U.S.C. § 924(e)(2)(A). Moreover, the Sixth Circuit had already identified Class C felony drug offenses in Kentucky as falling under the "serious drug offense" section of the ACCA before *Martin*. *See United States v. Tolley*, No. 96-5343, 1999 WL 137620, at *10 (6th Cir. Mar. 5, 1999). Thus, Dean's argument that his first degree drug trafficking predicate conviction could only have fallen under the residual clause of the ACCA is without merit.

Second, Dean argues that his robbery conviction must have fallen under the residual clause of the ACCA because, at the time of his indictment, the Sixth Circuit had not classified robbery convictions elsewhere within the ACCA. Obj. 4–5, ECF No. 76. Dean points to the magistrate judge's citation of recent cases, such as *United States v. Elliott*, 757 F.3d 492, 496

5

(6th Cir. 2014) and *United States v. Page*, 662 F. App'x 337, 340 (6th Cir. 2016) as proof that the law was unsettled until recently. *Id.* at 4. A person is guilty of first degree robbery in Kentucky "when, in the course of committing theft, *he uses or threatens the immediate use of physical force upon another person* with intent to accomplish the theft" and when he either causes physical injury, is armed with a deadly weapon, or uses or threatens to use a deadly instrument. Ky. Rev. Stat. Ann. § 515.020 (emphasis added). Thus, according to the plain language of the ACCA, Dean's first degree robbery conviction falls within the first definition of a "violent felony" because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i). This section of the definition of "violent felony" is separate from the residual clause, and was not invalidated by *Johnson*. Without reliance on the more recent Sixth Circuit cases, Dean's first degree robbery conviction clearly fell within the definition of a violent felony. His argument that his first degree robbery predicate conviction could only have fallen under the residual clause of the ACCA is without merit.

Dean additionally argues that the prosecution was relying on the residual clause at the time of his indictment, plea agreement, conviction, and sentencing. Obj. 5, ECF No. 76. He asserts that it would be impermissible for this Court "to redefine the particular portion of 924(e) that is applied . . . now that the residual clause has been shown to be illegally vague." *Id.* Dean mischaracterizes the intent of the prosecution. At Dean's sentencing hearing, the prosecution outlined the predicate offenses as such: (1) "he was convicted of a drug trafficking offense, cocaine trafficking offense, which is a controlled substance offense or a serious drug offense, I guess, is the terminology used in the [ACCA];" and (2) "we have two violent felonies, being the robberies." Sentencing Hr'g Tr. 5, ECF No. 56. There is nothing in this language, nor in any

other language presented to this Court, to indicate that the prosecution was relying on the residual clause in making its argument. Thus, Dean's argument that the Court may not redefine the section of the ACCA that was applied is without merit. Because Dean's prior convictions did not fall within the residual clause invalidated by *Johnson*, Dean's objection to the magistrate judge's conclusions of law will be overruled. Dean's motion to vacate will be denied.

IV. Certificate of Appealability

The magistrate judge concluded that Dean was not entitled to a certificate of appealability because "jurists of reason simply could not debate that the present petition fails to state a valid claim as to all grounds raised." R. & R. 11, ECF No. 74. This Court cannot issue a certificate of appealability unless the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On de novo review, this Court finds that reasonable jurists would not find this assessment of Dean's *Johnson* claim to be debatable or wrong. Dean's sentence enhancement clearly fell within sections of the ACCA other than the residual clause. Therefore, the Court will deny a certificate of appealability on the *Johnson* claim raised in Dean's motion to vacate.

V. Conclusion

The Court will sustain in part and overrule in part Dean's objections to the magistrate judge's findings of fact, conclusions of law, and recommendation. The Court will deny Dean's motion to vacate. The Court will deny Dean a certificate of appealability.

The Court will issue an order in accordance with this memorandum opinion.

April 24, 2017

Charles R. Simpson III, Senior Judge
United States District Court