UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GLENN R. DEAN                                                                           MOVANT/DEFENDANT

v.                                                              CRIM. ACTION NO. 3:08-CR-19-CRS
                                                                CIV. ACTION NO. 3:16-CV-00403-CRS

UNITED STATES OF AMERICA                                                        RESPONDENT/PLAINTIFF

## **MEMORANDUM OPINION**

### I.     Introduction

This matter was referred to the United States Magistrate Judge for Supplemental Findings of Fact, Conclusions of Law, and Recommendation (ECF No. 87) ("supplemental report") following this court's consideration of Petitioner Glenn R. Dean's ("Dean") motion to alter or amend. ECF No. 86. Dean now objects to the magistrate judge's supplemental report. ECF No. 89. For the reasons set forth below, the court will overrule Dean's objections and deny his motion to vacate.

### II.    Magistrate Judge's Findings of Fact

The magistrate judge's supplemental report lays out the facts previously set forth in the original report and this court's memorandum opinion. Dean has not objected to these findings of fact. When there is no objection, the court need not "review . . . a magistrate [judge's] factual or legal conclusions, under a *de novo* or any other standard . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Accordingly, this court will accept the magistrate judge's findings of fact.

### III. Magistrate Judge's Conclusions of Law and Recommendation

Dean objects to two legal conclusions contained in the magistrate judge's supplemental report: (1) that the argument based on *Mathis v. United States*, 136 S.Ct. 2243 (2016), is untimely; and (2) that *Mathis* does not undermine the holdings of *United States v. Elliott*, 757 F.3d 492 (6th Cir. 2014) or *United States v. Page*, 662 Fed. Appx. 337 (6th Cir. 2016). The court must make a de novo determination of those portions of the recommended disposition to which objections are filed. 28 U.S.C. § 636(b)(1)(c).

Under the Armed Career Criminal Act (ACCA), a person convicted under 18 U.S.C. § 922(g) who also has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined under this title and imprisoned not less than fifteen years . . ." 18 U.S.C. § 924(e)(1). A 'violent felony' is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ."

Subsection (i), *has as an element the use, attempted use, or threatened use of physical force*, is known as the 'elements clause.' The beginning of subsection (ii), *burglary, arson, or extortion*, is known as the 'enumerated felonies clause.' The end of subsection (ii), *otherwise involves conduct that presents a serious potential risk of physical injury to another*, is known as the 'residual clause.' The Supreme Court determined that the residual clause was unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551 (2015). This holding was made retroactive on collateral review by *Welch v. United States*, 136 S.Ct. 1257 (2016).

Dean argues that his sentence must be vacated because his ACCA enhancement is based on two prior felonies that fall under the residual clause. In making this argument, Dean relies on *Mathis v. United States*, 136 S.Ct. 2243, 2251 (2016), which holds that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." Specifically, Dean contends that "[t]he 1998 Kentucky 1st degree robberies . . . that became two-prior predicates for ACCA enhancement should not qualify [under] § 924 after *Mathis* . . . [b]ecause the Kentucky first degree robbery statute is over-broad . . . and does not match the generic definition of physical force . . . ." ECF No. 77, p. 2. Thus, "the only fall back would be the 'residual clause' . . . [w]hich the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2251 (2015), has found to be unconstitutionally vague." *Id.* at p. 3.

> KRS § 515.020 states that:
>
> A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
> a) Causes physical injury to any person who is not a participant in the crime; or
> b) Is armed with a deadly weapon; or
> c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Although one of the elements of this statute is, *uses or threatens the immediate use of physical force*, Dean asserts that this does not match the level of physical force required under the elements clause of the ACCA. KRS § 515.010 defines 'physical force' as "force used upon or directed toward the body of another person." By contrast, the Supreme Court has defined 'physical force' within the ACCA to mean "*violent force*—that is, force capable of causing physical pain or injury to another person." *Johnson v. U.S.*, 559 U.S. 133, 140 (2010).

A. Conclusion that Mathis Argument is Untimely

The magistrate judge's supplemental report first concludes that Dean's argument based on *Mathis* is untimely. The magistrate judge explains that "*Mathis* did not announce a 'new rule' that has been made retroactive on collateral review by the Supreme Court so that the statutory provisions of § 2255(f)(3) do not apply to begin the running of the one-year limitation period from the date *Mathis* was rendered." ECF No. 87, p. 4. Thus, the one-year limitation period imposed under § 2255(f)(1) "began to run when Dean's conviction became final on direct appeal on January 10, 2011 . . . ." *Id.*

The court agrees with the magistrate judge that Dean's argument is untimely. *Mathis* is not retroactive on collateral review, and was decided after Dean's sentence became final. Moreover, *Johnson* does not "open the door" to applying *Mathis* retroactively. *Potter v. U.S.*, 887 F.3d 785, 788 (6th Cir. 2018). The magistrate judge correctly determined that Dean's argument is untimely.

B. Conclusion that Mathis Does Not Undermine *Elliott* and *Page*

Additionally, the magistrate judge's supplemental report concludes that *Mathis* does not undermine *United States v. Elliott*, 757 F.3d 492 (6th Cir. 2014) or *United States v. Page*, 662 Fed. Appx. 337 (6th Cir. 2016). The court declines to adopt this portion of the supplemental report, as it has already been concluded that any argument based on *Mathis* is untimely. The discussion of *Mathis*' impact on the holdings in *Elliott* and *Page* is therefore purely dicta.

The Sixth Circuit recently clarified the proper review process for § 2255 petitions based on *Johnson* in *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018). The burden is on the petitioner to demonstrate that one or more of his ACCA-predicate offenses fell under the residual clause. *Id.* at 787-88 (citing *Pough v. U.S.*, 442 F.3d 959, 964 (6th Cir. 2006)). In assessing the

petitioner's argument, "the relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *U.S. v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017); *Potter*, 887 F.3d at 788. Thus, to the extent that the magistrate judge's initial report relied on *Elliott* and *Page* to determine that Dean's predicate offenses for first-degree robbery fell under the elements clause, rather than the residual clause, such reliance was misguided. *Elliott* and *Page* were both decided after Dean's conviction became final, and thus were not part of the legal landscape at the time of Dean's sentencing.

Despite this, the magistrate judge did not err in determining that Kentucky first-degree robbery falls under the elements clause. The statute satisfies the ACCA's physical force requirement to constitute a violent felony. One of the elements of the first-degree robbery statute is *using or threatening immediate use of physical force*. Even if the level of force required under the Kentucky statute is less than the level of force required under the ACCA's elements clause, the statute also requires one of three aggravating factors: "(a) caus[ing] physical injury to another . . . (b) [possessing] a deadly weapon, or (c) using or threatening the use of a dangerous instrument upon any person who is not a participant in the crime." KRS 515.020(a)-(c). The element of physical force combined with any one of these aggravating factors rises to the level of violent force. Accordingly, the magistrate judge ultimately reached the correct conclusion that Kentucky first-degree robbery falls under the elements clause of the ACCA.

IV. Certificate of Appealability

The magistrate judge ultimately concluded that Dean was not entitled to a certificate of appealability because "jurists of reason could not debate that the present petition fails to state a valid claim as to all grounds raised." ECF No. 87, p. 9. This court cannot issue a certificate of

5

appealability unless the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000). Reviewing this issue de novo, the court finds that the petitioner failed to meet this standard. Therefore, the court will deny a certificate of appealability on Dean's *Mathis* argument.

V. Conclusion

For the foregoing reasons, the court will overrule Dean's objections to the magistrate judge's supplemental report. The court will deny Dean's motion to vacate and certificate of appealability. An order will be issued in accordance with this memorandum.

July 9, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**